RENDERED: NOVEMBER 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1429-MR

ERNEST JOHNSON                                                              APPELLANT

v.
                    APPEAL FROM BARREN CIRCUIT COURT
                    HONORABLE JOHN T. ALEXANDER, JUDGE
                    ACTION NO. 22-CR-00130

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

COMBS, JUDGE: In this criminal case, the Appellant, Ernest Johnson (Johnson), appeals from the denial of his motion to suppress. After our review, we affirm.

On March 16, 2022, a Barren County Grand Jury indicted Johnson, charging him as follows: Count 1 -- Trafficking in a Controlled Substance, 1st Degree (Methamphetamine), 2 Grams or More, 1st Offense; Count 2 -- Possession of a Controlled Substance, 1st Degree (Hydrocodone), 1st Offense; Count 3 --

Possession of a Controlled Substance, 2nd Degree (Suboxone); Count 4 -- Drug

Paraphernalia-Buy/Possess; Count 5 -- Possession of Marijuana; Count 6 --

Persistent Felony Offender, 1st Degree.

On July 11, 2022, Johnson filed a motion to suppress any evidence

allegedly obtained illegally during the search of a vehicle. The motion was heard

on July 27, 2022, and the parties submitted post-hearing briefs. By Order entered

on September 22, 2022, the trial court denied Johnson's motion as follows:

> This case involves a warrantless search. On
> January 20, 2022, Officer Andrew Moore with the
> Glasgow Police Department went to a residence . . . in
> Glasgow. He knew that [Johnson] who had four active
> bench warrants, dated a woman who had family at that
> location. Through monitored telephone conversations,
> [Officer] Moore had information that Johnson might be
> at the residence. The homeowner, Jerry Spathe,
> acknowledged that Johnson frequented the home but did
> not confirm that he was there at the time. He [Spathe]
> did, however, give consent to search anywhere on the
> property. In fact, he gave Officer Moore the keys to an
> outbuilding or detached garage behind the home so he
> could enter it to search.
>
> Ultimately, officers found and arrested Johnson.
> In the garage, they also located a gray Scion automobile,
> which was registered to Johnson's ex-wife. When
> officers asked for consent to search the vehicle, Johnson
> declined, stating that he did not own it so they would
> have to ask someone else. The officers searched the
> vehicle and found various illegal drugs and . . .
> paraphernalia. That they lacked a warrant authorizing a
> search of the car is uncontroverted.

The trial court explained that as a general rule, warrantless searches are *per se* unreasonable, but it noted that there is an exception that applies in the probation context:

> When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable.

*United States v. Knights*, 534 U.S. 112, 121, 122 S. Ct. 587, 593, 151 L. Ed. 2d 497 (2001).

The trial court took judicial notice of the fact that at the time of the incident, Johnson was on active probation in two Barren Circuit Court cases and that the final judgments in each included the following language: "the Defendant shall consent to the search of his/her person, home, automobile and/or property upon the request of any peace officer[.]"

The trial court disagreed with Johnson's argument that he did not consent to the search and explained that:

> [T]he United States Supreme Court has specifically stated that "[t]he same circumstances that lead us to conclude that reasonable suspicion is constitutionally sufficient also render a warrant requirement unnecessary." [*Knights*, 534 U.S. at 121.] Stated more simply, when a person is required, as a condition of probation, to consent to a search upon reasonable suspicion, no search warrant is required. Under those

-3-

circumstances, there is no constitutional right to object to a search.

There was more than enough suspicion to justify invocation of this rule. Johnson had multiple arrest warrants, including warrants for probation violations. At least one of the officers was familiar with Johnson and had previously arrested him on drug charges. Further, officer had listened to telephonic discussions involving references to illegal drugs and implicating Johnson. He was hiding from officers as they attempted to locate him. As noted by the Commonwealth, Johnson refused permission to search even though he was on supervised probation. This information, considered together, provided reasonable suspicion that Johnson was involved in illegal activity.

Suppression of evidence pursuant to the exclusionary rule applies only to searches that were carried out in violation of an individual's constitutional rights. Without a constitutional right, underpinning his motion to suppress, an accused has no basis to seek application of the exclusionary rule. Because Johnson had consented to the search, by virtue of his request for probation and his acceptance of the terms as set out in the Final Judgments, there was no violation of a constitutional right.

(Footnotes omitted.)

The trial court also noted the Commonwealth's argument that Johnson

lacked standing to claim a violation of his Fourth Amendment rights since he

acknowledged that he did not own the vehicle. However, the trial court explained

that it was not necessary to address that argument in light of its "determination that

Johnson had waived his right to refuse consent upon reasonable suspicion of illegality."[1]

On October 31, 2022, Johnson entered a conditional plea of guilty to Counts 1 through 5 of the indictment, reserving his right to appeal the denial of his motion to suppress. The Commonwealth moved to dismiss Count 6. On November 1, 2022, the trial court entered judgment on a guilty plea and sentenced Johnson to a total of five-years' imprisonment. Johnson then filed this appeal.

We review denial of a motion to suppress under a two-part analysis. "The trial court's findings of fact are reviewed under the clear-error standard. We accordingly defer to the trial court's fact finding if it is supported by substantial evidence. . . . We review the trial court's application of the law to the facts *de*

---

[1] In its brief filed in the trial court, the Commonwealth had argued that Johnson did not have a reasonable expectation of privacy in the vehicle. For clarification's sake, we note *Warick v. Commonwealth*, 592 S.W.3d 276, 280 (Ky. 2019), in which our Supreme Court reminded the bench and bar that "a 'standing' analysis is improper under Fourth Amendment substantive law."

> The concept of standing in Fourth Amendment cases can be a
> useful shorthand for capturing the idea that a person must have a
> cognizable Fourth Amendment interest in the place searched
> before seeking relief for an unconstitutional search; but it should
> not be confused with Article III standing, which is jurisdictional
> and must be assessed before reaching the merits. Because Fourth
> Amendment standing is subsumed under substantive Fourth
> Amendment doctrine, it is not a jurisdictional question and hence
> need not be addressed before addressing other aspects of the merits
> of a Fourth Amendment claim.

*Id.* at 283 (quoting *Byrd v. United States*, ___ U.S. ___, 138 S. Ct. 1518, 1530-31, 200 L. Ed. 2d 805 (2018)).

*novo.*"  *Cox v. Commonwealth*, 641 S.W.3d 101, 113 (Ky. 2022) (footnotes omitted).

Johnson argues that the trial court erred in denying his motion to suppress because even though he was on probation, "the police had no reasonable suspicion of criminal activity afoot."  We disagree.

> As a general rule, warrantless searches are, per se, unreasonable, subject only to a few specifically established and well-delineated exceptions. . . . But such warrantless searches must satisfy the Fourth Amendment's overarching reasonableness requirement. To this end, a warrantless search is held to be reasonable "[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity."

*Helphenstine v. Commonwealth*, 423 S.W.3d 708, 714 (Ky. 2014) (quoting *United States v. Knights*, 534 U.S. at 122, 122 S. Ct. at 593) (cleaned up).

> In the Fourth Amendment context, reasonable suspicion exists when a police officer has a reasonable and articulable suspicion that criminal activity is afoot.  The basis of reasonable suspicion must be particularized and objective, but the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard.

*Gasaway v. Commonwealth*, 671 S.W.3d 298, 331 (Ky. 2023) (cleaned up). "When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a

'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 750, 151 L. Ed. 2d 740 (2002).

In the case before us, the trial court found that Johnson had multiple arrest warrants, including warrants for probation violations; that at least one of the officers was familiar with Johnson and had previously arrested him on drug charges; that an officer had listened to telephonic discussions involving references to illegal drugs and implicating Johnson; that Johnson was hiding from officers as they attempted to locate him; and that Johnson refused permission to search even though he was on supervised probation.

We are satisfied from our review of the record that these findings are supported by substantial evidence, and we conclude that the trial court properly applied the law to the facts as found. Considering the totality of the circumstances, we agree that there was more than sufficient evidence to create a reasonable suspicion that Johnson was engaged in illegal activity.

Accordingly, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Emily Holt Rhorer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky